■ In the Matter of EDWIN G., Respondent, v PATRICIA E., Appellant. In the Matter of NELIDA E., Appellant, v EDWIN G., Respondent, and PATRICIA E., Appellant. [619 NYS2d 24] —Orders of the Family Court, Bronx County (Rhoda Cohen, J.), entered on December 19, 1991, and May 13, 1993, which, respectively, awarded custody of the child, Jillian, to the father, and dismissed the mother's supplemental petition for a

change in custody, unanimously reversed, on the law, the supplemental petition is reinstated, and the matter is remanded for further proceedings before a different Judge, without costs.

This proceeding pursuant to article 6 of the Family Court Act involves the custody of Jillian, who was born in 1986. She spent her first four years in the custody of her maternal grandmother and to a limited extent with her natural mother. Thereafter, in December 1991, on the recommendation of the Law Guardian, the court granted the father's petition for custody, and denied the grandmother's cross-petition. Jillian then resided with her father and stepmother. In December 1992, the natural mother filed a supplemental petition to modify the custody determination to award custody to her. The court, without conducting an evidentiary hearing, dismissed the supplemental petition on the basis of a letter submitted by Jillian's therapist to the effect that the father's home was a stable environment and Jillian's relationship with her grandmother was not a healthy one. The court did not consider the expressed wishes of the child or the recommendation of the Law Guardian, both of whom supported a return of custody to the grandmother.

We hold that on this record it was error to dismiss the supplemental petition without a full evidentiary hearing. On remand, the court should appoint an independent psychiatrist or certified social worker to interview all the family members, investigate the respective home environments, and report to the court. Thereafter, the court should conduct an evidentiary hearing at which all concerned parties should have the opportunity to present evidence. Only after such a hearing, with the benefit of a report from an independent professional, can the court fairly determine what custody arrangements will further the best interests of Jillian. Concur—Murphy, P. J., Rosenberger, Wallach, Ross and Rubin, JJ.