■ Cathrine Steck, Respondent, v Fredric Steck, Appellant. [763 NYS2d 54] —Order, Supreme Court, New York County (Joan Lobis, J.), entered October 2, 2002, which, to the extent appealed from as limited by the brief, denied defendant's application to modify the parental access provisions of the parties' separation agreement and judgment of divorce so as to permit him to have the children for 7 to 10 consecutive days a month, instead of alternate weekends and midweek visitation two nights per week, as provided in the separation agreement, and order, same court and Justice, entered January 23, 2003, which, to the extent appealed from as limited by the brief, denied defendant's motion to renew, unanimously affirmed, without costs.

The parties' separation agreement provides for joint custody

of the children, but for their primary residence to be with plaintiff mother. Prior to the entry of the divorce judgment, into which the separation agreement was incorporated but with which it was not merged, defendant relocated to California, his home state, commuting to New York once or twice a month to be with the children.

Although the totality of the circumstances of the case and the best interests of the child are factors to be considered in all cases where modification of custody is sought (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93-95 [1982]), where the parties have entered into an agreement, the agreement is entitled to considerable weight (*see Eschbach*, 56 NY2d at 171) and it is incumbent on the party seeking the change to show that in light of changed circumstances continued adherence to the agreement would not be in the children's best interests (*see Tirschwell v Beiter*, 295 AD2d 266 [2002]; *Karetny v Karetny*, 283 AD2d 250 [2001]).

Defendant did not meet this burden. Upon the initial motion, defendant, who voluntarily chose to remain in California to purchase a ranch and who has the economic ability to commute coast to coast as he wishes, established only that the requested changes would be more convenient for him. There was no showing that his ability to have wide and significant access to the children has been or will be restricted under the agreement. Nor did defendant establish that the agreed-upon visitation arrangements were in any way harmful to the children.

While defendant, on his motion for renewal, submitted articles that purportedly support his view that reconfiguration of the children's visitation schedule would be in the children's best interests, no explanation was offered as to why these articles were not submitted in the first instance. The statements attributed to the children on renewal, that midweek transitions were disruptive, are hearsay, and, in any event, do not establish prima facie that reconfiguration is in their interests. Contrary to defendant's contention, a hearing was not required since the court had sufficient information to render an informed decision (*see Melnitzky v Melnitzky*, 278 AD2d 2 [2000]; *David W. v Julia W.*, 158 AD2d 1, 6-7 [1990]).

We have considered defendant's other arguments and find them unavailing. Concur—Nardelli, J.P., Tom, Rosenberger and Gonzalez, JJ.