█ In the Matter of MARTIN R.G., Respondent, v OFELIA G.O., Appellant. [809 NYS2d 1]—

Order, Family Court, Bronx County (Tandra L. Dawson, J.), entered on or about June 29, 2005, which, in a proceeding under Family Court Act article 6 for modification of a prior order of custody, temporarily transferred custody of the parties' child from respondent mother to petitioner father pending a hearing on the issue of whether the mother's relocation with the child to New Jersey is in the child's best interests, unanimously reversed, on the law, without costs, and custody of the child shall remain with the mother pending such hearing.

As the father effectively concedes in not opposing the mother's appeal from the order temporarily transferring custody of the child to the father, Family Court erred in so transferring custody without holding a hearing on the best interests of the child.

We take this opportunity to note, in applying the settled doctrine that custody awards must be based on the best interests of the child, that a hearing is generally required before a judge may award a temporary change of custody in a nonemergency situation (see Matter of Jones v Scaldini, 238 AD2d 422 [1997]), and that the noncustodial parent, in this case the father, has the significant burden of demonstrating at such hearing that the child's best interests under the totality of the circumstances warrant a modification of the previously entered custody order (see Friederwitzer v Friederwitzer, 55 NY2d 89 [1982]; Corigliano

*v Corigliano*, 297 AD2d 328 [2002]). Therefore, Family Court should have held one. The nature and extent of a hearing may be as abbreviated, in the court's broad discretion, as the particular allegations and known circumstances warrant. The extent of the hearing may perhaps be as little as questioning the parties under oath by the court, subject to limited questioning by the lawyers. In any such case, the court should insure that the factual underpinnings of any temporary order are made clear on the record.

Other than Family Court's evident displeasure at the mother's move to New Jersey, there was no apparent basis for the order nor any emergency concerns to support it. Notably, the mother did not violate any court order by moving some 90 miles from the Bronx to New Jersey, and the record contains controverted allegations regarding whether the mother had consent to relocate. Indisputably, the mother had previously been awarded sole custody of the child and no provision for visitation by the father had been made in the order granting her sole custody. Relatedly, although the mother expressed willingness to relocate anew by moving within New Jersey but closer to New York City, her plans were deferred when the father was hospitalized in Virginia after suffering serious injuries in an automobile accident. Although the mother's decision not to uproot the child under these circumstances is understandable, that decision also appears to have displeased Family Court. In any event, as the Law Guardian correctly points out, numerous issues of fact bearing on the best interests of the child were in dispute and require a hearing. Concur—Saxe, J.P., Marlow, Ellerin, Gonzalez and McGuire, JJ.