█ ALIX A., Respondent, v ERIKA H., Appellant. [845 NYS2d 306]—

Order, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered February 21, 2007, which awarded custody of daughter Arielle to petitioner, her father, and extending and expanding the order of protection, issued May 8, 2006, unanimously reversed, on the law, without costs, and the matter remanded for the proper filings and an expedited hearing forthwith. Pending the hearing, the child is to remain in the temporary custody of petitioner, with supervised visitation by respondent mother, as prescribed by the subsequent order of April 18, 2007.

Respondent mother was deprived of her fundamental rights when the hearing court, without any notice, transferred custody of her child to petitioner father (*see Matter of Fisk v Fisk*, 274 AD2d 691 [2000]). The mother was not represented by counsel at the time the court abruptly ordered this transfer (*see Matter of Williams v Bentley*, 26 AD3d 441 [2006]), nor was she afforded a hearing with the opportunity to present evidence and to call and cross-examine witnesses (*see Matter of Edwin G. v Patricia E.*, 209 AD2d 351 [1994]).

While the mother is, of course, entitled to a full, plenary hearing to decide the issue of permanent custody, we find that, based on this record, the temporary custody arrangement ordered by Family Court is not without support. Moreover, we are mindful that the court was fully familiar with the history of this case.

While these facts do not provide all the necessary legal justification for the court's precipitous action here, we are cognizant that family courts in many counties across the state

have crushing case loads, extremely difficult family issues to decide, and limited time to make fair and informed determinations in what are often chaotic and highly charged emotional cases. With these factors as a backdrop, the Legislature empowered family court judges with some level of flexibility to deal with these complicated and urgent issues (*see* Family Ct Act § 141 ["judges of the court are . . . given a wide discretion and grave responsibilities"]), while at the same time, of course, honoring procedural requirements and litigants' due process rights. We had these considerations in mind when we said in our recent holding in *Matter of Martin R.G. v Ofelia G.O.* (24 AD3d 305, 306 [2005]): "The nature and extent of a [temporary custody] hearing may be as abbreviated, in the court's broad discretion, as the particular allegations and known circumstances warrant. The extent of the hearing may perhaps be as little as questioning the parties under oath by the court, subject to limited questioning by the lawyers. In any such case, the court should insure that the factual underpinnings of any temporary order are made clear on the record."

The court further exceeded its authority in finding a violation of the May 2006 order of protection, extending that order for five years, and enlarging it to encompass the subject child. The petition alleging a violation of the order of protection was filed on February 21, 2007. The mother was not served with the petition until she was actually summoned into the courtroom that very day. Even had the petition requested an extension of the order of protection—and it did not—the court lacked jurisdiction to act permanently on the father's petition the day it was filed, before proper service was made (*see* Family Ct Act § 826).

Rather than further disrupting the child's life and her schooling, it is abundantly clear to us that, for the present, she should remain in the father's custody, with supervised visitation by the mother, pending an expedited hearing. Furthermore, and because it appears the mother was without counsel when Family Court directed that the child move to the father's home, it is especially important that Family Court hear this matter forthwith—for, at the very least, a review of the temporary custody order—with all parties and their chosen or assigned counsel present. Concur—Tom, J.P., Mazzarelli, Saxe, Marlow and Williams, JJ.