■ In the Matter of MAIEA P., a Child Alleged to be Neglected. RESHIMA K., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. WILFREDO P., Nonparty Respondent. [853 NYS2d 318]—

The appeal, insofar as it involves Family Court's denial of the mother's application pursuant to Family Court Act § 1028 for return of the child pending completion of neglect proceedings, has been rendered moot by the court's subsequent fact-finding determination of neglect (*see Matter of Jabarry W.*, 24 AD3d 218, 218 [2005], *lv denied* 6 NY3d 711 [2006]). The award of custody to the father does not have a sound and substantial basis in the record (*Bunim v Bunim*, 298 NY 391, 393 [1949]) and is contrary to the totality of the circumstances presented to the court (*see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]), including the expressed wishes of the then 12-year-old child; agency records showing that the mother had complied with the agency plan and has a warm and loving relationship with the child; the recommendations of the Law Guardian, agency caseworkers and mental health experts; evidence that the father had on occasion interfered with the mother's relationship with the child; and evidence that the child's separation from her siblings was having a harmful effect on her emotional development (*see id.* at 173; *Bliss v Ach*, 56 NY2d 995, 998 [1982]; *Matter of Edwin G. v Patricia E.*, 209 AD2d 351 [1994]). However, as the child has lived with the father for over six years, and given little evidence as to the father's fitness as a parent, we remand for an immediate hearing at which evidence, including psychological evaluations of the parents and the residents of their respective homes, can be adduced for the purpose of determining whether a change in custody is in the child's best interests (*see e.g. Matter of Edwin G.*). Concur—Mazzarelli, J.P., Saxe, Gonzalez and Acosta, JJ.