■ In the Matter of Jasmine L., Appellant, v Ely G., Respondent. [945 NYS2d 57]—

Order, Family Court, New York County (Fiordaliza A. Rodriguez, Ref.), entered on or about June 3, 2011, which, insofar as appealed from as limited by the briefs, granted, after a hearing, the petition to modify the judgment of divorce to allow petitioner non-custodial parent expanded visitation with the subject child to the extent of granting alternate weekend visits, with petitioner responsible for pick up and drop off of the child at respondent father's home, and one week of summer vacation with the child, unanimously modified, on the law and the facts, to grant petitioner two weeks of summer visitation with the child, to direct petitioner's alternate weekend visitation to be held on weekends when respondent is not working, and to direct that

all exchanges be conducted at the Woodlawn subway station in the Bronx, and otherwise affirmed, without costs.

In the totality of the circumstances, the Family Court's imposition upon the petitioner-mother of full responsibility for transporting the child to and from all exchanges at the home of respondent-father, the custodial parent, did not have a sound and substantial basis in the record (see Matter of Tonisha J. v Paul P., 55 AD3d 386, 387 [2008]). The mother, who is of limited financial means and lives in lower Manhattan without access to a car, testified that transporting herself, her other minor child, and the subject child to and from the father's home in Yonkers for alternate weekend visitation subjected her to a significant financial expense that was several times her monthly child support obligation. In contrast, it is significantly less of a burden for the father, who works only one weekend per month and has access to two cars, to pick the child up at the Woodlawn subway station in the Bronx, which is only a few miles and a relatively short drive from his home, and which is where the exchanges had been conducted for several months without incident prior to the fact-finding hearing. Upon consideration of the " 'economic realities' of the case" (Ingarra v Ingarra, 271 AD2d 573, 574 [2000]), the mother should not be made to bear the full burden for such transportation, and hence we direct that the exchanges resume at the Woodlawn subway station during the weekends when respondent is not working.

We further direct that the mother be granted two weeks of summer visitation with the child, rather than the one week provided for in the order. All parties agreed that at least two weeks of summer visitation was appropriate, and the record reveals that the mother exercised two weeks of visitation during the summer preceding the hearing without incident. Since the child wishes to spend more time with her mother, and nothing in the record indicates any reason why the minimum agreed upon time would be in any way detrimental to the child, we conclude that the "development of the fullest possible healthy relationship" between the mother and child, which, in turn, best protects the child's interests (see Nimkoff v Nimkoff, 18 AD3d 344, 347 [2005]), would be furthered by the increase of the mother's summer visitation, on condition that it does not conflict with the child's academic commitments. Concur—Gonzalez, P.J., Andrias, Saxe, DeGrasse and Román, JJ.