■ In the Matter of RODGER W., II, Respondent, v SAMANTHA S., Appellant. [945 NYS2d 90]—

Order, Family Court, New York County (Marva A. Burnett, Ref.), entered on or about November 3, 2011, which granted petitioner father's application for temporary custody of the subject child and granted alternate weekend visitation to respondent mother, unanimously reversed, on the law, without costs, the order vacated and the original custody arrangement granting primary custody to the mother and visitation to the father reinstated.

Pursuant to a judgment of divorce entered in 2010, respondent mother was awarded primary physical custody of the subject child, while the petitioner father was allowed liberal access in the form of alternate weekend visitation and Wednesday night dinners. On March 11, 2011, petitioner filed a petition seeking to enforce his visitation rights. After respondent was diagnosed with a brain tumor in June 2011, petitioner filed an order to show cause on September 19, 2011 seeking temporary custody of the child, which the Family Court denied on September 23rd. Hence, at the time of the November 3, 2011 court appearance, the only matter pending before the court was the father's original petition to enforce visitation. Nonetheless, the father made a *sua sponte* application seeking a temporary change of custody, which the court granted that same day without holding an evidentiary hearing.

We have previously noted that in applying the settled doctrine that custody awards must be based on the best interests of the child, a hearing is generally required before a judge may award a temporary change of custody in a nonemergency situation (*see Matter of Martin R.G. v Ofelia G.O.*, 24 AD3d 305, 305 [2005]).

Respondent was deprived of her fundamental rights when the Family Court *sua sponte* converted the hearing on the petition for visitation into one concerning custody and then transferred custody of the child without notice and without affording her a hearing with the opportunity to present evidence and to call and cross-examine witnesses (*see Alix A. v Erika H.*, 45 AD3d 394 [2007]). As reports issued by two professional organizations confirmed that there were no immediate safety concerns or other risks concerning respondent's care of the child, there was no emergency situation to warrant Family Court's decision not to hold a hearing.

In addition, deference to Family Court's determination that a transfer of custody is in the child's best interest is not warranted because the finding does not have a sound and substantial basis in the record (*see Matter of Tonisha J. v Paul P.*, 55 AD3d 386, 387 [2008]). It is noted that at the time of the hearing, Family Court did not take any testimony from the parties or collateral witnesses, and the limited information presented in the home evaluation reports indicated that there were significant factual disputes as to whether the child was subjected to a stressful situation in respondent's home, or as to what effect, if any, respondent's illness had on the child's schooling. Hence, petitioner, as the noncustodial parent, failed to satisfy his "significant burden of demonstrating . . . that the child's best interests under the totality of the circumstances warrant[ed] a modification of the previously entered custody order" (*see Martin R.G.*, 24 AD3d at 305). Concur—Friedman, J.P., Sweeny, Renwick and Abdus-Salaam, JJ.