■ In the Matter of NIA DARA B., Appellant, v JONATHAN B., Respondent. [9 NYS3d 10]—

Order, Family Court, New York County (Carol J. Goldstein, Ref.), entered on or about August 7, 2014, which, upon the mother's petition for modification of a child custody order granting the parties joint physical and legal custody, awarded respondent father primary physical custody of the parties' child, with access to the mother, unanimously reversed, on the law and the facts, to award primary physical custody to the mother, with access to the father, and otherwise affirmed, without costs.

The Referee's time limitation of the trial in this case did not deprive the mother of a fair trial (*see Alix A. v Erika H.*, 45 AD3d 394, 394-395 [1st Dept 2007]). The Referee was familiar with the history of this case (*see id.*), and the mother was able to present her case and cross-examine the father within the allotted time.

Nevertheless, the Referee's award of primary physical custody to the father lacks a sound and substantial basis in the record (*see Matter of James Joseph M. v Rosana R.*, 32 AD3d 725, 726 [1st Dept 2006], *lv denied* 7 NY3d 717 [2006]). The Referee's determination was based primarily on the fact that the father recently moved from Austin, Texas to Kaufman, Texas near his sizable extended family, whereas the mother has a very small family. The Referee also found that the father is currently more stable than the mother because he is cur-

rently gainfully employed and is able to rent an apartment for himself and the child, whereas the mother has no income and lives with her boyfriend, who has no obligation to support her and the child. However, the Referee failed to consider that the mother is in a long-term relationship with her boyfriend, and that the Brooklyn home they have lived in for over two years is the only stable home environment that the five-year-old child has known. Further, the child was born in New York and has lived here consistently for the first part of her life, is very close to her maternal grandmother, who lives in New York, has close friends here, and was accepted into a French dual-language program for kindergarten in New York. In addition, the Referee noted that the mother, who supported the father financially for more than a year during their short marriage, has the credentials to find employment and would "always find a way" to provide for the child.

Although both parents are fit to act as a custodial parent, significant weight should have been given to the father's failure to comply with court orders to return the child from Texas to the mother on two separate occasions. When the court fashions orders regarding custody and access, a parent's commitment to comply with those orders must figure importantly in the court's decision. The mother alleged in her petition, which the father did not oppose until the day of the custody hearing, that the father refused to promote a strong and meaningful relationship between her and the child. Although the father testified that he would encourage the child's relationship with the mother, he had previously failed to comply with two court orders directing him to return the child to the mother in New York, and he has not expressed any concern that the mother, if awarded primary physical custody, would not provide him with access to the child.

Accordingly, we find that it is in the best interests of the child to award the mother primary physical custody, with the father having access to the child pursuant to the schedule expressed in the Referee's order (see generally Eschbach v Eschbach, 56 NY2d 167, 171 [1982]).

Given the foregoing determination, we need not consider the mother's remaining contentions. Concur—Sweeny, J.P., Renwick, Andrias, DeGrasse and Gische, JJ.