■ SHOSHANAH B., Appellant, v LELA G., Respondent. [35 NYS3d 18]—

Order, Family Court, New York County (George L. Jurow, J.H.O.), entered on or about November 5, 2014, which granted respondent custodial parent's motion to vacate an order temporarily suspending the commencement of therapy for the parties' child, permitted respondent to enroll the child in therapy with a clinician of her choice, and suspended petitioner's Wednesday overnight visits, unanimously modified, on the law, to the extent of vacating the portion of the order that suspended petitioner's Wednesday overnight visits, and otherwise affirmed, without costs. Appeal from oral rulings, same court and Judicial Hearing Officer, rendered November 5, 2014, unanimously dismissed, without costs.

The parties are the mothers of a son born in 2008. They executed a custody agreement dated January 26, 2012, which was so-ordered by the Family Court (the custody order). Pursuant to the custody order, respondent has sole legal and primary residential custody. The custody order provides that she shall "consult" and "seek out the opinions" of petitioner with regard to nonemergency major decisions about the child, but respondent has the right to make the final decision in the event of a disagreement.

On or about April 24, 2014, respondent took the child to be evaluated by a psychiatrist, Dr. Harold S. Koplewicz, without first consulting petitioner. After learning of this, in or about May 2014, petitioner filed a petition in Family Court seeking, inter alia, to transfer sole legal and physical custody to her, and to direct respondent not to make any nonemergency medical decisions concerning their son without consulting her, as

required by the custody order. In or about June 2014, respondent filed a petition seeking to dismiss petitioner's May application, to direct petitioner to participate in Dr. Koplewicz's assessment of the child, and to modify the custody order by eliminating petitioner's Monday night dinners and Wednesday overnights pending completion of Dr. Koplewicz's assessment. Petitioner opposed respondent's June application and filed a cross motion seeking various relief, including appointment of a therapist for the child recommended by the child's attorney, appointment of a neutral forensic evaluator, and modification of the custody order to award petitioner sole custody after completion of a forensic evaluation. On the return date of respondent's June application and petitioner's June cross motion, petitioner consented to, and agreed to participate in, Dr. Koplewicz's assessment, and the matter was adjourned to November 20, 2014.

On or about October 1, 2014, Dr. Koplewicz sent his assessment and recommendations to the parties. The assessment included a recommendation that the child be enrolled in behavioral therapy, and that weeknight overnights with petitioner be eliminated to facilitate the treatment.

On or about October 23, 2014, the attorney for the child sought and obtained an ex parte temporary restraining order prohibiting the parties from enrolling the child in therapy (the October application).[1] On or about October 30, 2014, respondent filed an order to show cause seeking an order directing petitioner not to interfere with implementation of the recommendations in the assessment (respondent's October motion).[2] The Family Court directed that respondent serve her order to show cause by the next day, a Friday, by overnight mail and email, made the motion returnable the following Wednesday, and did not include a briefing schedule.

On the return date of respondent's October motion, the court questioned the child's attorney's social worker without swearing her in, and marked the unsworn assessment as a "Court Exhibit for today's purposes so that . . . it's clear what the reference is to." Petitioner's attorney argued, inter alia, that the court did not have sufficient information before it to modify the parenting time schedule, and requested time to put in opposition papers, including the affidavit of a mental health professional who would critique the assessment. The Family

---

1. The October application is not in the record before this court.

2. Respondent's October motion also sought an ex parte interim order vacating the temporary restraining order in the child's attorney's October application. The Family Court denied that request for relief.

Court denied that request. Respondent's counsel took the position that the "limited question" before the court that day was when and by whom the child would be treated; she asked only that the court permit her client to enroll the child in therapy with the therapist recommended by Dr. Koplewicz. The child's attorney took the position that the child should be in therapy, and did not address the issue of modification of parenting time. Later the same day, the Family Court made oral rulings on the record, and then issued a written order that addressed only two issues,[3] stating: "after hearing exhibits etc. and testimony of [the child's] social worker the temporary suspension of child initiating therapy is vacated. Custodial parent . . . may proceed to enroll child in therapy consistent with . . . the [assessment] and Wednesday night overnight visits are temporarily suspended" (see oral bench decision).

Family Court properly determined that respondent acted appropriately, within the bounds of her authority under the custody order and in the best interests of the child, in seeking psychiatric assessment and treatment for the child, who, by all accounts, was in severe emotional distress. Moreover, respondent's decision to promptly engage the child in therapy was consistent with the recommendations made by the psychiatrist who conducted an extensive diagnostic assessment of the child, which petitioner consented to and participated in.

Petitioner failed to object to the marking in evidence of the assessment, the "unsworn testimony" of the child's attorney's clinical social worker, and to Family Court's limitation of petitioner's questioning of the social worker, and we decline to consider her objections on appeal (*Matter of Shemeek D. v Teresa B.*, 89 AD3d 608, 608 [1st Dept 2011]).

Even if petitioner had preserved her objections, we would affirm as to the Family Court's directive that respondent be permitted to enroll the child in therapy with the therapist she had selected over petitioner's objection. While respondent may not have followed the custody order's consultation provision to the letter in initiating the assessment without first consulting with petitioner, respondent ultimately consented to, and agreed to participate in, the assessment. Respondent properly notified petitioner about her intention to enroll the child in therapy

3. The Family Court stated on the record that it would deny petitioner's June cross motion to the extent that she sought appointment of a forensic evaluator and modification of custody. However, no appeal lies from Family Court's rulings in open court, as the transcript of that proceeding was not "so-ordered" by the court, and those rulings were not included in the court's written order (*see Matter of Melissa M.*, 290 AD2d 219, 220 [1st Dept 2002]).

with the therapist recommended by Dr. Koplewicz prior to doing so, but petitioner chose not to engage in the consultation process provided for in the custody order. Even if respondent had failed to follow the custody order in this regard, the Family Court had enough information before it, without a full hearing, to determine that the child's prompt enrollment in therapy with the therapist selected by respondent after consultation with a psychiatrist was in his best interests, particularly given that there was no dispute that the child needed treatment (*Steck v Steck*, 307 AD2d 819 [1st Dept 2003]). Accordingly, the November 5, 2014 order is affirmed to the extent that it vacated the restraining order prohibiting the child's enrollment in therapy and granted the custodial parent's motion for an order permitting her to enroll the child in therapy with the therapist she had selected.

To the extent that respondent argues that Family Court's order suspending petitioner's Wednesday overnight visitation with the child was a temporary order, we disagree. Although the Family Court characterized its order as "temporary," it set no limit on the duration of the order, and canceled the next court date without scheduling any future appearances. Therefore, the suspension of visitation was only temporary in the same sense as any visitation order, in that it can always be modified upon application showing changed circumstances requiring a modification in the child's best interest (*Matter of Santiago v Halbal*, 88 AD3d 616, 617 [1st Dept 2011]). Accordingly, the order modifying the access schedule was temporary in name only and is appealable. Alternatively, we exercise our discretion to treat the appeal of the order suspending petitioner's Wednesday overnight visitation as a motion for leave to appeal, and grant that request, nunc pro tunc (Family Ct Act § 1112 [a]; *Matter of Jeremy A. v Vianca G.*, 120 AD3d 1147 [1st Dept 2014]).

Modification of custody or visitation, even on a temporary basis, requires a hearing, absent a showing of an emergency (*Matter of Martin R.G. v Ofelia G.O.*, 24 AD3d 305, 305-306 [1st Dept 2005]; *Matter of Rodger W. v Samantha S.*, 95 AD3d 743, 743 [1st Dept 2012]). Here, the court modified the custody order based on information provided almost exclusively by the custodial parent, including the unsworn recommendation of a mental health professional who was not the professional who would ultimately treat the child, and whose recommendation petitioner was not given the opportunity to challenge, either in papers or by testimony. While it was clear that the child's need for treatment was urgent, there was no showing that immedi-

ate modification of the parenting schedule was necessary to address the child's distress. The fact that the custodial parent's counsel agreed that the issue of modification of the parenting schedule was not before the court that day, and the child's attorney did not address modification at all, indicates that they did not view the parenting schedule as an emergency issue. At the time that the Family Court issued the order appealed from, respondent's June application and petitioner's June cross motion (which sought modification of the custody order) had been adjourned to November 20, 2014. In view of the parties' conflicting factual accounts in their papers on those motions and the absence of any showing of an emergency requiring an immediate modification of the parenting schedule, the court should not have modified the schedule without a hearing at which petitioner and the child's attorney had an opportunity to present testimony and evidence (*Santiago*, 88 AD3d at 617). While we have stated that such a hearing may be "as abbreviated, in the court's broad discretion, as the particular allegations and known circumstances warrant" (*Matter of Martin R.G.*, 24 AD3d at 306), it must include an opportunity for both sides, and the children's attorney when there is one, to present their respective cases, and the "factual underpinnings of any temporary order [must be] made clear on the record" (*id.*). Accordingly, that portion of the Family Court's order suspending petitioner's Wednesday overnight visits is vacated. This order shall take effect 30 days after the date of this order, to enable the parties to make appropriate applications.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.