In the Matter of GREGORY D., Respondent, v ATHENA Q., Appellant. [51 NYS3d 516]—

Order, Family Court, New York County (Susan M. Doherty, Ref.), entered on or about February 25, 2016, which, after a hearing, granted the father's petition for modification of a custody order and awarded him sole custody of the parties' three children, unanimously reversed, on the law and the facts, without costs, the petition denied, and sole custody awarded to respondent mother.

The Referee's determination awarding custody to petitioner father lacked a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]) since the mother has been the children's primary caretaker and, sole source of financial support, for the majority of the children's lives (*see e.g. Matter of Laura A.K. v Timothy M.*, 204 AD2d 325 [2d Dept 1994]). During the approximately two-year period, from 2011 through 2013, the father scarcely visited or spoke with the children, while the mother had enrolled them in a charter school and extracurricular activities, including dance and karate, and the children were thriving in her care. The mother moved the family into an apartment in Manhattan, and was in the process of changing schools to remedy the issue of the children's tardiness due to their long commute.

The mother's past poor judgment and misconduct which led to a neglect finding against her in 2013 after being the victim of domestic violence, and subsequent relocation of the children, understandably evoked the court's concern (*see Matter of*

*Tonisha J. v Paul P.*, 55 AD3d 386, 387 [1st Dept 2008]). However, the record reflects that the mother has complied with all of the court's directives in an effort to regain custody of the children, who were in the father's care. The mother has spent significant time with the children, and continues to take them to their medical appointments and pay for their dental and eye care. The mother has maintained a spacious and suitable home for the children, in contrast to the overcrowded conditions at the father's home. The mother has also pursued higher education, found employment and dedicated herself to planning for her and the children's future (*id.*).

Further, it is the children's clear preference to reside with the mother (*Melissa C.D. v Rene I.D.*, 117 AD3d 407, 407-408 [1st Dept 2014]). We note that the Referee also dismissed the observations and conclusions of the neutral, court-appointed evaluator, regarding, inter alia, the parties' respective interactions with the children, but credited the testimony of the two experts who had never met the mother or evaluated her parenting ability (*see Matter of Rebecca B.*, 204 AD2d 57 [1st Dept 1994], *lv denied* 84 NY2d 808 [1994]).

Thus, on balance, it is in the children's best interest to remain with the mother, and custody should be awarded to her (*see Tonisha J. v Paul P.*, 55 AD3d at 388). Concur—Sweeny, J.P., Richter, Andrias, Webber and Gesmer, JJ.