■ In the Matter of LELA G., Respondent, v SHOSHANAH B., Appellant. [54 NYS3d 16]—

Order, Family Court, New York County (George L. Jurow, J.H.O.), entered on or about July 13, 2016, which modified the parties' January 26, 2012 so-ordered custody agreement,

without a hearing, by, inter alia, modifying respondent Shoshanah B.'s weekly, holiday and summer parenting time, and restricting her access to information regarding the child's education, health care, school events, and medical treatments, unanimously reversed, on the law, without costs, and the matter remanded for a hearing.

Modification of custody or visitation, even on a temporary basis, requires a hearing, absent a showing of an emergency (see *Shoshanah B. v Lela G.*, 140 AD3d 603, 606 [1st Dept 2016]; *Matter of Martin R.G. v Ofelia G.O.*, 24 AD3d 305, 305-306 [1st Dept 2005]; *Matter of Rodger W. v Samantha S.*, 95 AD3d 743, 743 [1st Dept 2012]). Here, a hearing was not conducted prior to the court's modification of the custody agreement with respect to visitation. The court also effectively barred respondent from access to the child's school officials and events, as well as medical visits and treatment, without petitioner's consent, over the attorney for the child's objection, based on an incident where respondent objected to how the child's name was registered and petitioner's failure to identify respondent as a parent. On this record, the modifications lacked an evidentiary basis.

Nor was the determination rendered on an emergency basis. At the time the Family Court issued the order appealed from, petitioner's July 2, 2015 application had been pending for approximately one year. In view of the parties' conflicting factual accounts in their papers and the absence of any showing of an emergency requiring an immediate modification of the custody agreement, the court should not have modified the agreement without a hearing at which respondent and the child's attorney had an opportunity to present testimony and evidence (see *Shoshanah B.*, 140 AD3d at 607).

Additionally, in light of this Court's decision on a prior appeal, which vacated that portion of the Family Court's November 2014 order that suspended respondent's Wednesday overnight visits without a hearing (*id.* at 603), the court erred in failing to reinstate such visitation, since the court had not received competent evidence that it would not be in the child's best interest to do so (*id.*). We note, as indicated by the attorney for the child, that this issue requires further exploration at a hearing.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.