■ In the Matter of JONATHAN A., Respondent, v TIFFANY V., Appellant. [62 NYS3d 272]—

Order, Family Court, Bronx County (Jennifer Burtt, Ref.), entered on or about September 23, 2016, which, to the extent appealed from, directed that the child be enrolled in school in Bronx County and that, if the mother moves to Queens in the future, the father be awarded primary physical custody, with visitation to the mother on three weekends each month, unanimously reversed, on the law and the facts, without costs, and the order vacated to that extent.

The mother does not challenge the Family Court's determination that the parties' relationship was too antagonistic for joint legal custody, and its consequent delegation of decision-making authority to each parent over different facets of the child's upbringing, with education to the father and medical care to the mother. She also does not challenge the Family Court's order directing an equal parenting time schedule, which the parties had been following on consent since August 27, 2015.

Because the mother's petition did not seek permission to relocate with the child, the Family Court's order that custody be modified to set a particular parenting time schedule in the event that the mother moved in the future lacked a sound and substantial basis in the record (*see generally Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Gregory D. v Athena Q.*, 149 AD3d 542 [1st Dept 2017]).

There was also no basis for the Family Court to direct that the child be enrolled in school in Bronx County since the father was granted final decision-making authority on education issues. Concur—Tom, J.P., Richter, Andrias, Gesmer and Singh, JJ.