Matter of Kenneth J. v Lesley B. (2018 NY Slip Op 06625)





Matter of Kenneth J. v Lesley B.


2018 NY Slip Op 06625


Decided on October 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2018

Friedman, J.P., Sweeny, Kapnick, Gesmer, Singh, JJ.


7236 7235

[*1]In re Kenneth J., Petitioner-Appellant,
v
Lesley B., Respondent-Respondent.
In re Lesley B., Petitioner-Respondent,
v
Kenneth J., Respondent-Appellant.


Kenneth J., appellant pro se.
Elayne Kesselman, New York, for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (Machelle Sweeting, J.), entered on or about June 27, 2017, which granted the mother's motion for summary judgment and suspended all visitation and contact of any kind between the father and the parties' child, unanimously reversed, without costs, the mother's and the attorney for the child's motions for summary judgment denied, the mother's petition for modification of custody suspending the father's visitation, and the father's petitions for enforcement of visitation, holiday visitation modification, and custody modification awarding him sole custody restored, and the matter remanded.
Family Court improperly determined the mother's modification petition and the father's petitions for enforcement, parenting time modification, and sole custody by suspending all contact between the father and child without a hearing [FN1]. Modification of custody or visitation, even on a temporary basis, requires a hearing, except in cases of emergency (Shoshanah B. v Lela G., 140 AD3d 603, 606 [1st Dept 2017]). We have held that a hearing may be "as abbreviated, in the court's broad discretion, as the particular allegations and known circumstances warrant" (Martin R.G. v Ofelia G.O., 24 AD3d 305, 306 [1st Dept 2005]; see also Matter of Myles M. v Pei-Fong K., 93 AD3d 474 [1st Dept 2012] [court properly modified custody to permit unsupervised visitation without a full hearing, based on, inter alia, testimony of forensic social worker]). However, here, the court granted the drastic remedy of suspension of all contact between parent and child based solely upon its in camera interview with the child and its review of the motion papers and some portion of the court file, which included an unsworn and uncertified report by Family Court Mental Health Services (MHS) and unsworn letters from the child's treating therapist and from therapists who had seen the parties and child for family [*2]therapy between June and November 2016.
While a court may consider a child's expressed preference, the child's statement is not determinative of the child's best interests, and the court "must consider the age and maturity of the child and the potential for influence having been exerted on the child" (Eschbach v Eschbach, 56 NY2d 167, 173 [1982]).
It is not clear from the record before us what portions of the record of the earlier custody case Family Court relied on in reaching its determination. While the father repeated some claims he had made during the earlier proceedings, he also made new allegations, denied that the child's current distress was caused solely by his actions, and urged that the full forensic evaluation that had previously been ordered by the court on consent be completed before the court ruled on the petitions.
Family Court improperly considered the MHS report, since it was not referenced in or attached to the mother's or the child's attorney's motion, was neither sworn nor certified and thus not in admissible form, as is required on a motion for summary judgment (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), contained inadmissible hearsay (see Strauss v Strauss, 136 AD3d 419, 420 [1st Dept 2016]), and was not subject to cross-examination. Moreover, even if the court could have considered the report, it did not support suspension of all contact between the father and the parties' child. In fact, it (1) did not state conclusions with a reasonable degree of psychological certainty; (2) was not based on interview with the child or consultation with the child's therapist; (3) noted that the father acknowledged that his conduct was one factor in the child's anger toward him, and that the mother acknowledged that she had not consistently shielded the child from her anger toward the father; and (4) recommended only that the parties continue in family therapy, and that the father and child each continue in individual therapy. Accordingly, it did not support the result ordered by the court.
The court also improperly considered the therapists' unsworn letters, which were not attached to the mother's or the child's attorney's motion, and which also contained inadmissible hearsay. Even if the court could have considered them, we would find that they did not support the award of summary judgment to the mother, since they failed to establish that there were no material facts in dispute and that the mother was entitled to the relief sought as a matter of law (CPLR 3212[b]). The mother had alleged that the father's disparagement of her in the child's presence and his discussion of his adult problems with the child caused the child's anxiety and suicidal thoughts. The father claimed that the child's distress was the result of the mother's efforts to alienate the child from him. The therapists' observations were not a substitute for a formal neutral forensic mental health evaluation, and did not establish that suspension of all contact between the father and child was in the child's best interests.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 4, 2018
CLERK



Footnotes

Footnote 1:We note that, while the order issued on the record suspended visitation and other forms of contact for one year, the written order appealed from contains no time limit.