Matter of Sandra Y. v Jahi J.Y. (2019 NY Slip Op 05324)





Matter of Sandra Y. v Jahi J.Y.


2019 NY Slip Op 05324


Decided on July 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019

Richter, J.P., Tom, Gesmer, Kern, Moulton, JJ.


9782

[*1]In re Sandra Y., Petitioner,
v
Jahi J.Y., Respondent-Respondent. Ruby Y., et al., Nonparty Appellants.


Carol L. Kahn, New York, for Jahi Y., respondent.
Tennille M. Tatum-Evans, New York, for Sandra Y., respondent.
Karen Freedman, Lawyers for Children Inc., New York (Shirim Nothenberg of counsel), attorney for the children, appellants.



Order, Family Court, New York County (J. Machelle Sweeting, J.), entered on or about November 1, 2018, which granted respondent father's application for temporary custody of the subject children, unanimously reversed, on the law, without costs, and the matter remanded for a hearing.
Modification of custody or visitation, even on a temporary basis, requires a hearing, absent a showing of an emergency (see Matter of Kenneth J. v Lesley B., 165 AD3d 439, 439-440 [1st Dept 2018]; Matter of Lela G. v Shoshanah B., 151 AD3d 593, 594 [1st Dept 2017]). The parties agree that a hearing should have been conducted here.
The court's determination to grant temporary custody to the father was based exclusively on school records and allegations of educational neglect, which the parties were not given an opportunity to challenge by way of a hearing. Additionally, the court granted temporary custody to the father, over the objection of the children's attorney that was based on statements and observations in a court-ordered investigation (COI) report regarding the father's violent nature and possible drug abuse. The court failed to articulate an emergency situation that warranted the imposition of a new custody order without a hearing, and the allegations of educational neglect did not outweigh the concerning statements in the COI report, which the court did not fully review.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2019
CLERK