Mack v Mack (2022 NY Slip Op 04222)

Mack v Mack

2022 NY Slip Op 04222

Decided on June 30, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 30, 2022

Before: Kapnick, J.P., Friedman, Moulton, Shulman, Pitt, JJ. 

Index No. 309662/14 Appeal No. 16240-16241-16242 Case No. 2020-04454 2021-02436 2021-01561 2021-02562 

[*1]Ryan Mack, Plaintiff-Respondent,
v
Barbra Mack, Defendant-Appellant. 

Barbra Masters, appellant pro se.
Zelenitz, Shapiro & D'Agostino, P.C., Forrest Hills (Lisa D'Agostino of counsel), for respondent.

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered on or about October 28, 2020, which granted plaintiff father's application to modify a prior order of custody by awarding him temporary legal custody over mental health decisionmaking for the subject child, unanimously affirmed, without costs. Order and amended order, same court and Justice, entered on or about March 16, 2021, and June 1, 2021, respectively, which appointed Dr. Eric D. Teitel, M.D. to conduct a mental health evaluation of defendant, unanimously affirmed, without costs.
The motion court did not err in declining to hold a full evidentiary hearing before awarding the father legal custody with respect to decisions regarding the child's mental health services. The evidence before the court showed that the mother was interfering with the then-15-year-old child's urgent need for therapy, to the child's detriment (see Shoshanah B. v Lela G., 140 AD3d 603, 606 [1st Dept 2016]). Moreover, before entering the order, the court heard from the parties — including the attorney for the child, who supported the father's motion on her client's behalf — and explained, on the record, the reasoning for its decision (see Matter of Michael G. v Katherine C., 167 AD3d 494, 495 [1st Dept 2018]). We further find that the court's determination is consistent with the best interests of the child, and, thus, there is no basis to vacate the order (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]).
The motion court also acted within its discretion in ordering the mother to undergo a mental health evaluation (see Lajqi v Lajqi, 130 AD3d 687, 688 [2d Dept 2015]). The order was based on several factors — namely, the child's allegations that the mother engaged in abusive and controlling behavior; the choice by the child, now 17 years old, to live exclusively with the father for over two years and refuse contact with the mother; concerns expressed by the attorney for the child about the mother's mental health; and the court's own observations of the mother. Against this backdrop, and given the limited custody issues before the court, it was not an improvident exercise of the court's discretion to order a mental health evaluation only of the mother, rather than a full custody evaluation of both parties, to assist in its determination.
We have considered the mother's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 30, 2022