Matter of Agustin F. v Stephanie F. (2023 NY Slip Op 01233)

Matter of Agustin F. v Stephanie F.

2023 NY Slip Op 01233

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Acosta, P.J., Manzanet-Daniels, Kapnick, Shulman, Higgitt, JJ. 

V-03382-18/21 Docket No. V-03382-18/21 Appeal No. 17483 Case No. 2022-01603 

[*1]In the Matter of Agustin F., Petitioner-Respondent,
v
Stephanie F., Respondent-Appellant.

Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.

Order, Family Court, Bronx County (Jennifer S. Burtt, Ref.), entered on or about April 14, 2022, which denied respondent mother's motion to suspend petitioner father's visits with the subject child, unanimously affirmed, without costs.
The order denying the mother's motion to suspend the father's visits with the child is not appealable as of right (see Family Ct Act § 1112[a]; Matter of Rolando A.G. v Marisol R.M., 172 AD3d 631 [1st Dept 2019]). Nevertheless, we exercise our discretion and treat the mother's appeal as an application for leave to appeal and grant the application nunc pro tunc (see Shoshanah B. v Lela G., 140 AD3d 603, 606 [1st Dept 2016]).
The appeal has not been rendered moot by the father's withdrawal of his petition to modify the visitation order. A live controversy remains in the absence of evidence that the mother had obtained the relief sought on her motion, or that the visitation order had been modified since the filing of the appeal (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811 [2003], cert denied 540 US 1017 [2003])
The court's denial of the mother's motion, and determination that it was in the child's best interests to continue with the visitation schedule, had a sound and substantial basis in the record (see Matter of Christopher H. v Taiesha R., 166 AD3d 548, 548 [1st Dept 2018]). The court found that the father did not violate the condition in the visitation order prohibiting the paternal grandparents from being present during visits, and the child had expressed a desire to continue visits with the father (see Matter of Melissa G. v John W., 143 AD3d 406, 407 [1st Dept 2016]). To the extent the child has now expressed a change of heart with respect to visitation with her father, those issues are best resolved before the Family Court at the currently scheduled hearing in March 2023 to address the subsequently-filed petition by respondent-appellant mother.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023