Matter of Baby Girl G. (Curtis M. R.) (2023 NY Slip Op 05362)

Matter of Baby Girl G. (Curtis M. R.)

2023 NY Slip Op 05362

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Kern, J.P., Singh, Gesmer, Scarpulla, O'Neill Levy, JJ. 

Docket No. NN-13983-21 Appeal No. 886-886A Case No. 2022-01274 

[*1]In the Matter of Baby Girl G., A Child Under Eighteen Years of Age, etc., Curtis M. R., Jr. et al., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Bruce A. Young, New York, for Curtis M.R., Jr., appellant.
Kenneth Tuccillo, Hastings on Hudson, for Tinesha G., appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan Schoepp-Wong of counsel), for respondent.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), attorney for the child.

Order of disposition, Family Court, Bronx County (David J. Kaplan, J.), entered on or about March 2, 2022, which, to the extent it brings up for review an order, same court and Judge, entered on or about March 2, 2022, which granted petitioner agency's motion for summary judgement on its petition alleging that respondents had derivatively neglected the subject child, unanimously affirmed, without costs. Appeals from order granting summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
Petitioner made a prima facie showing of derivative neglect as to the subject child, based on the prior findings of neglect against the parents with respect to their older children, the dispositional orders placing the older children in foster care, the permanency hearing order of May 27, 2021, and the order freeing the older children for adoption on July 29, 2021. The latter orders provided evidence that respondents had failed to ameliorate the conditions that led to those findings (see Matter of A'Nyia P.G. [Qubilah C.T.G.], 176 AD3d 495, 496 [1st Dept 2019], lv denied 34 NY3d 908 [2020]). The Family Court properly took judicial notice of its own orders. The prior findings of neglect, the continued placement of the older children in foster care, the termination of their parental rights to the older children, and their noncompliance with court-ordered services all support the court's findings (see Matter of Cheron B. [Vanessa G.], 157 AD3d 618, 618 [1st Dept 2018]). In opposition, the parents failed to present evidence sufficient to raise a triable issue of fact concerning the amelioration of the conditions that led to the original finding (see Matter of Phoenix J. [Kodee J.], 129 AD3d 603, 604 [1st Dept 2015]).
On appeal, appellants object to the Family Court's consideration of the unsworn affidavits signed by the case workers from the foster care agency and the Administration for Children's Services. We reject this argument for two reasons. First, Family Court had sufficient evidence before it to support its determination without considering the unsworn affidavits. Second, since appellants failed to raise this objection before the Family Court, we decline to consider it on appeal (see Shoshanah B. v Lela G., 140 AD3d 603, 605 [1st Dept 2016]).
We have considered respondents' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023