Matter of D.T. (A.G.) (2024 NY Slip Op 01888)

Matter of D.T. (A.G.)

2024 NY Slip Op 01888

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Kern, J.P., Singh, González, Pitt-Burke, Rosado, JJ. 

Docket No. V-00639/22, NN-17115/21 Appeal No. 1983 Case No. 2023-04056 

[*1]In the Matter of D.T., Petitioner-Appellant, A.G., et al., Respondents-Respondents.
In the Matter of A.G.T., A Child Under Eighteen Years of Age, etc., A.G., Respondent-Respondent, Administration for Children's Services, Petitioner-Respondent.

Kenneth M. Tuccillo, Hastings on Hudson, for D.T., appellant.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for A.G., respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child A.G.T.

Order of disposition, Family Court, Bronx County (Ashely B. Black, J.), entered on or about July 19, 2023, which, to the extent appealed from as limited by the briefs, after a combined fact-finding and dispositional hearing, granted the parties joint legal custody, with final decision-making authority and physical custody to respondent mother and parenting time to petitioner father, unanimously affirmed, without costs.
A sound and substantial basis in the record supports the determination that the child's best interests are met by the award of joint legal custody with the mother having the final decision-making authority. The court considered the fact that the mother had been the child's primary caregiver for the majority of his life and had taken a more proactive role in attending to the child's medical, educational, and extracurricular needs (see Matter of Frank G. v Crystal C., 198 AD3d 455, 456 [1st Dept 2021]). At the same time, the record did not reflect that there had been any disputes between the parties over any major issue concerning the child, nor that the parties' relationship was marked by such acrimony and mistrust that joint custody would not be a viable option (see Matter of Koegler v Woodard, 96 AD3d 454, 458 [1st Dept 2012], lv dismissed 19 NY3d 1013 [2012]; compare Lubit v Lubit, 65 AD3d 954, 955 [1st Dept 2009], lv denied 13 NY3d 716 [2010], cert denied 560 US 940 [2010]).
Similarly, Family Court properly considered the totality of the circumstances and the best interests of the child in awarding physical custody to the mother (see Matter of Elizabeth S. v Edgard N., 150 AD3d 585, 586 [1st Dept 2017]). The court found that the child had been primarily residing with the mother since birth and noted that the father's involvement with the child during the first nine years of his life was limited. The fact that the father had temporary custody during the pendency of the neglect and custody proceedings was not determinative (see Matter of Dedon G. v Zenhia G., 125 AD3d 419, 420 [1st Dept 2015]). Additionally, the child's close relationship to his younger brother, who resided with the mother, weighed in favor of awarding her custody (see Matter of Michael B. [Lillian B.], 145 AD3d 425, 430 [1st Dept 2016]).
Contrary to the father's contention, a finding of neglect against the mother is not a bar to her being awarded custody, especially where she completed all the required services in connection with the neglect proceedings, separated from the abusive partner, had the younger child returned to her care without ACS supervision, and demonstrated a good deal of insight into the reasons why the children were removed from her care (see Matter of Maiea P., 49 AD3d 291, 292 [1st Dept 2008]).
Family Court also properly considered the effect of domestic violence on the subject child. The record demonstrated that the mother separated from the abuser immediately after a domestic violence incident, obtained an order of protection against him[*2], and moved to a confidential domestic violence shelter. Additionally, the evidence at the hearing showed that the mother and children no longer had any contact with the abuser (see Matter of Ivan J. v Kathryn G., 164 AD3d 1151, 1152 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024