Alfred v Brutus (2025 NY Slip Op 07333)

Alfred v Brutus

2025 NY Slip Op 07333

Decided on December 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 30, 2025

Before: Scarpulla, J.P., Rodriguez, O'Neill Levy, Chan, JJ. 

Index No. 365106/20|Appeal No. 5464-5465|Case No. 2024-06665, 2025-02234|

[*1]Delburt Alfred, Plaintiff-Respondent,
v
Sargine Brutus, Defendant-Appellant. 

Gildin & Chapman, Mineola (Brent Chapman of counsel), for appellant.
Cohen Clair Lans Greifer, New York (Joseph F. De Simone of counsel), for respondent.

Order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered on or about October 2, 2024, which denied defendant's motion for recusal and for an order directing the parties' child to return to New York, and order, same court and Justice, entered on or about February 19, 2025, which, on its own motion, imposed sanctions on defendant's attorney, unanimously modified, on the law, to the extent of vacating the sanctions award and otherwise affirmed, without costs.
The motion court providently denied defendant mother's second motion for recusal. The mother failed to argue that any alleged bias, prejudice, or unworthy motive affected any of the court's rulings (see R & R Capital LLC v Merritt, 56 AD3d 370 [1st Dept 2008]). Moreover, none of her four alleged bases for recusal was sufficient to show that the court was incapable of being impartial (see Mazzone v Alonso, Andalkar & Facher, P.C., 228 AD3d 564, 564 [1st Dept 2024]). The mother's complaint to the Commission on Judicial Ethics and her participation in a news report regarding Justice Waterman-Marshall did not require the court to recuse itself (see e.g. Kopko v Kopko, 229 AD3d 974, 976 [3d Dept 2024], appeal dismissed 42 NY3d 1086 [2025]). While the court's decisions contain criticism of the mother's attorney's conduct during the proceedings, judicial remarks that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge" (Liteky v United States, 510 US 540, 555 [1994]; see Fulton Mkt. Retail Fish Inc. v Todtman, Nachamie, Spizz & Johns, P.C., 158 AD3d 502, 502 [1st Dept 2018]).
While the motion court should have held a hearing before granting plaintiff father's request to temporarily relocate with the parties' child to the United Kingdom (Shoshanah B. v Lela G., 140 AD3d 603, 606 [1st Dept 2017]), the mother failed to perfect her appeal from that order, which was entered in December 2023. The child has been living and attending school in the United Kingdom since 2022 and has expressed a desire to remain in the custody of the father (see Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]). Abruptly ordering her return to New York under these circumstances would be seriously distressing and disruptive (see e.g. id.).
There is insufficient evidence in the record to determine whether the court providently exercised its discretion in imposing sanctions on the mother's attorney. For example, the parties failed to submit either the transcript of the November 12, 2024 sanctions proceeding or the mother's first recusal motion (see Nelson v Block, 71 AD2d 509, 511 [1st Dept 1979] ["review by this Court is limited by the record on appeal"]). We therefore vacate the motion court's sanctions award. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 30, 2025