A.L. v A.M. (2026 NY Slip Op 01274)

A.L. v A.M.

2026 NY Slip Op 01274

Decided on March 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2026

Before: Moulton, J.P., Pitt-Burke, O'Neill Levy, Michael, Chan, JJ. 

Index No. 320246/20|Appeal No. 5997|Case No. 2024-04818|

[*1]A.L., Plaintiff-Respondent,
vA.M., Defendant-Appellant, Al. L-M, Nonparty-Appellant.

The Law Office of Neena Tankha PLLC, New York (Liza J. Trazzera of counsel), for appellant.
Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for respondent.
Donna C, Chin, New York, attorney for child, Al. L-M.
Marion C. Perry, New York, attorney for child, An. L-M.

Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered on or about July 9, 2024, which, to the extent appealed from as limited by the briefs, denied, without a hearing, the branch of defendant wife's motion for an order modifying the parties' separation agreement to award her sole legal and physical custody of the children, unanimously reversed, on the law, without costs, and the motion granted to the extent of remanding the matter for a hearing to determine whether a modification is in the best interests of the children.
The wife and the children's attorneys persuasively demonstrate that, since the divorce, the parties' relationship has deteriorated to the point that they are incapable of meaningful communication or cooperation regarding the children, thereby establishing the requisite material change in circumstances (see Matter of Mercedes E.H. v Dexter R.N., 235 AD3d 560, 561 [1st Dept 2025]). Between April 2022 and July 2024, the parties were repeatedly unable to collaborate in a timely or effective manner on matters affecting the children, such as education, medical, and mental health care. Although the motion court expressly acknowledged the parties' inability to make joint decisions without the intervention of multiple attorneys, its July 2024 order effectively consigns the family to perpetual litigation over both major and minor decisions, which is likely to exacerbate parental conflict and place the children in a constant state of uncertainty and anxiety.
While the court noted that the parties were ultimately able to agree on the younger child's school placement, that isolated decision occurred only after the child had been disenrolled and gone without schooling for months. More typically, disputes have resulted in paralysis rather than resolution, as evidenced by one child's failure to attend any summer camp program in 2023 and the other child's months-long gap in therapy due to the parents' inability to reach an agreement on who should provide it. Medical decision-making has been an even greater source of conflict, to the point that the parents were prohibited from jointly attending the younger child's medical appointments and repeatedly sought competing second opinions on routine medical issues.
In light of the conflicting allegations between the parties and the lack of a comprehensive record, a fact-finding hearing is necessary to determine the children's best interests (see Shoshanah B. v Lela G., 140 AD3d 603, 607 [1st Dept 2016]). To the extent the older child argues that the wife should be awarded sole custody based on the current record before this Court, which she urges establishes that she has not had a relationship with the husband for nearly five years and that, given her age of 16, her personal preferences are entitled to great weight, these are factors for the trial court to consider, but are not, in and of themselves, sufficient to award the mother sole custody without a hearing.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2026