■ In the Matter of COREY D. HAMILTON, Appellant, v SHAN-NON M. ANDERSON, Respondent. [818 NYS2d 343]—

Rose, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered June 8, 2005, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Pursuant to a January 2004 Family Court order based upon their stipulation, the parties were granted joint legal custody of their son, who was then just six months old, with the home of respondent (hereinafter the mother) being the child's principal residence and petitioner (hereinafter the father) having gradually increasing visitation through and beyond the child's second birthday. As to visitation, the order also provided that after the child's second birthday, either party could petition for a modification without showing a change in circumstances. In January 2005, the father petitioned for sole legal custody of the child based upon allegations of the mother's unfitness or, if custody were not modified, increased visitation. Following a hearing, Family Court found that the father had not demon-

strated a change in circumstances warranting a modification of custody, but did grant him increased visitation. The father now appeals, challenging the denial of a change of custody, but not the extent of his increased visitation.

Because the record confirms that the father failed to establish a " 'sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child' " (*Matter of Markey v Bederian*, 274 AD2d 816, 817 [2000], quoting *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903, 903 [1992]), we affirm. Although an order based upon a stipulation is entitled to less weight than one derived from a full fact-finding hearing (*see Matter of Carey v Kimball*, 15 AD3d 797, 798 [2005]), we afford considerable significance to the fact that the parties here had agreed to joint custody less than two years earlier and expressly provided for increased visitation as the child grew older. Other than the fact that he had gotten married to another woman, the only change in circumstances alleged by the father was that the mother is an unfit parent. Among other things, he alleged that the mother did not keep their son clean and manicured, permitted him to become bruised and scratched, smoked in his presence and failed to communicate as to his medical condition. Family Court, however, which observed the father's demeanor and had discretion to credit or reject his testimony, found his allegations to be overstated and concluded that the father's claims were either contradicted by other evidence or reflected conduct which was not shown to endanger the child. The court concluded that neither party had been shown to be an unfit or inadequate parent. Inasmuch as there exists a sound and substantial basis in the record for Family Court's determination, we decline to disturb it (*see Matter of Vickery v Vickery*, 28 AD3d 833, 834 [2006]; *Matter of Moore v Barrett*, 13 AD3d 926, 928 [2004]; *Matter of Decker v Wilson*, 266 AD2d 749, 750 [1999]).

Mercure, J.P., Crew III, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.