■ In the Matter of Darcy D. Larock, Appellant, v Arnold R. Larock, Jr., Respondent. [829 NYS2d 253]—

Kane, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered November 30, 2005, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody.

The parties' 2002 judgment of divorce, which incorporated their stipulation of settlement, granted the parties joint legal custody of their three children. The father obtained primary physical custody of their two daughters (born in 1987 and 1990), while the mother obtained primary physical custody of their son (born in 1994). In November 2005, the mother filed the instant petition seeking sole legal custody of all three children, but no change in the physical custody arrangement. Family Court dismissed the petition because the court did not have jurisdiction to determine custody of the oldest child, who was 18 years old at the time, and the petition failed to sufficiently allege a change in circumstances warranting a modification of custody. The mother appeals.

Family Court correctly determined that the age of majority for custody purposes is 18 (*see* Family Ct Act § 119 [c]; § 651 [a]). Although parents are liable for support of their children until the age of 21 (*see* Family Ct Act § 413 [1] [a]), courts may

not award a parent custody of a child over 18 years of age (*see Matter of Norwood v Capone*, 15 AD3d 790, 793 [2005], *appeal dismissed* 4 NY3d 878 [2005]; *Matter of Lazaro v Lazaro*, 227 AD2d 402, 402 [1996]; *Toppel v Toppel*, 67 AD2d 628, 628 [1979]).

Regarding the parties' younger daughter, the mother failed to allege a change in circumstances necessitating a modification of custody to serve that child's best interest (*see Matter of Hamilton v Anderson*, 31 AD3d 935, 936 [2006]). The mother currently has joint legal custody with specific rights to receive or obtain all medical and educational records for the children. The rights she already has allow her to address several of the problems she raises. Her allegations mainly focus on the father's financial irresponsibility, which would be properly dealt with in child support proceedings. Thus, Family Court appropriately dismissed the petition without a hearing.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.