■ In the Matter of BEN F. ROEFS, Respondent, v AMY ROEFS, Appellant. (And Another Related Proceeding.) [955 NYS2d 274]—

Malone Jr.,

Following a hearing, Family Court determined that the matter should be treated as a modification proceeding, and concluded that while there have been significant developments since the existing custody arrangement was put into place by Supreme Court, those developments do not justify a change in custody. The mother appeals.

Initially, Family Court correctly determined that because the custody arrangement ordered by Supreme Court in the divorce action followed from a plenary hearing and "reflects a considered and experienced judgment concerning all of the factors involved" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]; *see Matter of Bessette v Pelton*, 29 AD3d 1085, 1087 [2006]; *Matter of Bruce BB. v Debra CC.*, 307 AD2d 408, 409 [2003]), these proceedings should be evaluated under the standard applicable to a modification of custody. "Modification of an established custody arrangement requires a showing of a sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest[s] of the child[ren]" (*Matter of Eunice G. v Michael G.*, 85 AD3d 1339, 1339 [2011] [internal quotation marks and citations omitted]; *see Matter of Anthony MM. v Jacquelyn NN.*, 91 AD3d 1036, 1037 [2012]). Here, the record reveals that significant changes have occurred since entry of the prior order, including the father's decision to move out of the family home and reside with his girlfriend, which took the children 45 minutes farther away from the mother and required them to leave the school district that they had attended all of their lives. Additionally, the oldest child was diagnosed as morbidly obese by his physician, and his school counselor recom-

mended that he receive psychological counseling to deal with his emotional problems.

Even if we were to view this case as an initial custody determination and notwithstanding these substantial and troubling changes, we cannot conclude that Family Court abused its discretion in determining that the children's interests are best served by a continuation of the prior custody arrangement. Although the father was initially slow to respond to the child's physical and emotional needs, at the time of the hearing he appeared to be addressing them. While the mother argues that he has not done enough, we note that these are complex issues, the resolution of which will require sustained efforts by both parents. Clearly, each of them loves the children, and the record establishes that each is able to provide a suitable home for them. Importantly, however, the father has had primary physical custody of the children since the parties ceased sharing the marital residence in 2009 and, despite the father's shortcomings, the record does not establish that the children's situation would be favorably enhanced by placing them in the mother's custody (*see Matter of Gitchell v Gitchell*, 165 AD2d 890, 895 [1990]). Considering that "the stability of an uninterrupted custody arrangement" is an important factor in evaluating a child's best interests (*Matter of Diffin v Towne*, 47 AD3d 988, 991 [2008], *lv denied* 10 NY3d 710 [2008]; *see Dintruff v McGreevy*, 34 NY2d 887, 888 [1974]), giving due deference to Family Court's credibility determinations and mindful that the father, as of the time of the hearing, had taken affirmative steps to address the oldest child's serious issues, we cannot say that Family Court's custody determination lacks a sound and substantial basis in the record (*see Matter of Hayward v Thurmond*, 85 AD3d 1260, 1262 [2011]; *Matter of Diffin v Towne*, 47 AD3d at 990).

Mercure, J.P., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.