In the Matter of TROY SS., Respondent, v JUDY UU., Appellant. (And Another Related Proceeding.) [34 NYS3d 506]—

Mulvey, J. Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered March 18, 2015, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

In January 2013, petitioner (hereinafter the father) and respondent (hereinafter the mother), in settlement of a petition for modification of a prior order of custody and visitation filed by the mother, consented to an order establishing joint legal custody of their now 18-year-old son, with the father having primary physical custody of the child and the mother having liberal visitation. The order also provided that, in the event the parties were unable to agree with respect to major issues regarding the child, the father would have the final decision-making authority.

In May 2013, the mother filed a family offense petition alleging that the father had violated the January 2013 order by refusing to co-parent with her and depriving her of visitation with the child. In June 2013, the father filed a modification petition seeking sole legal custody of the child on the ground that the parties were not able to effectively communicate with one another for the purposes of joint legal custody. Family Court, on its own motion, dismissed the family offense petition for failure to state a cause of action. Following a fact-finding hearing and *Lincoln* hearing, Family Court awarded the father sole custody of the child. The mother appeals.

Since the mother's appeal was filed, the child has turned 18. The attorney for the child argues that, therefore, the mother's appeal should be dismissed.* The mother argues that since the issues raised in Family Court's order would significantly and permanently affect her future, the exception to the mootness doctrine applies.

It is well settled that "Family Court is a court of limited jurisdiction, constrained to exercise only those powers granted to it by the State Constitution or by statute" (*Matter of H.M. v E.T.*, 14 NY3d 521, 526 [2010]; *accord Matter of Chemung County Support Collection Unit v Greenfield*, 109 AD3d 4, 5 [2013]). Family Ct Act article 6 (*see* Family Ct Act § 651 [a], [b]) authorizes a court to adjudicate custody and visitation issues with respect to minors, who are defined as "person[s] who ha[ve] not attained the age of [18] years" (Family Ct Act § 119

---

* The father has not filed a brief or contacted the Court regarding his position with respect to this appeal.

[c]; *see Matter of Larock v Larock*, 36 AD3d 1177, 1177 [2007]; *Matter of Norwood v Capone*, 15 AD3d 790, 793 [2005], *appeal dismissed* 4 NY3d 878 [2005]). Since it is undisputed that the child in the present case turned 18 on February 1, 2016, and, therefore, has reached the age of majority, we must dismiss the mother's appeal (*see Matter of Hayes v Hayes*, 128 AD3d 1284, 1285 n 2 [2015]; *Matter of Knight v Knight*, 92 AD3d 1090, 1092 n 1 [2012]; *Matter of Larock v Larock*, 36 AD3d at 1177-1178; *see e.g. Matter of Cobane v Cobane*, 119 AD3d 995, 996 [2014]; *Matter of Sharyn PP. v Richard QQ.*, 83 AD3d 1140, 1142 [2011]).

Garry, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the appeal is dismissed, without costs.