*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 1, 2016                    520574
_____

In the Matter of MARLEAH K.
    YERKES,
                    Respondent,

        v                                        MEMORANDUM AND ORDER

BRIAN C. HARDY,
                    Appellant,
                    et al.,
                    Respondent.

(And Two Other Related Proceedings.)
_____


Calendar Date:  October 13, 2016

Before:  Garry, J.P., Egan Jr., Rose, Devine and Mulvey, JJ.

_____

        Andrea J. Mooney, Ithaca, for appellant.

_____


Rose, J.

        Appeal from an order of the Family Court of Chemung County
(Rich Jr., J.), entered January 22, 2015, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, for custody of the subject
child.

        Respondent Brian C. Hardy (hereinafter the father) is the
father of a daughter (born in 1998).  In 2005, the child's mother
was incarcerated and, shortly thereafter, passed away.  At that
time, respondent Helena Bell, the child's maternal aunt, was
granted sole custody of the child on default.  From 2005 until
2014, the child resided with various relatives, including, most
recently, the father.  In August 2014, petitioner, the mother of
one of the child's friends, commenced the first of these

proceedings seeking custody of the child.  Bell and the father then each commenced modification proceedings seeking an order granting the father sole custody of the child.  Ultimately, following fact-finding and Lincoln hearings, Family Court awarded sole custody to petitioner.  The father now appeals.

During the pendency of this appeal, the child has turned 18 years of age.  Inasmuch as Family Ct Act article 6 "authorizes a court to adjudicate custody and visitation issues with respect to minors, who are defined as 'person[s] who ha[ve] not attained the age of [18] years'" (Matter of Troy SS. v Judy UU., 140 AD3d 1348, 1349-1350 [2016], lv denied 28 NY3d 902 [2016], quoting Family Ct Act § 119 [c]), we are constrained to dismiss the father's appeal as moot (see Matter of Gerber v Gerber, 141 AD3d 901, 902 [2016]; Matter of McCullough v Harris, 119 AD3d 992, 993 [2014]).

Garry, J.P., Egan Jr., Devine and Mulvey, JJ., concur.


ORDERED that the appeal is dismissed, as moot, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court