Matter of Cokely v Crocker (2018 NY Slip Op 00056)





Matter of Cokely v Crocker


2018 NY Slip Op 00056


Decided on January 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 4, 2018

524780

[*1]In the Matter of JAMIE S. COKELY, Respondent,
v
TIMOTHY CROCKER, Appellant.

Calendar Date: November 14, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


Lisa K. Miller, McGraw, for appellant.
Veronica M. Gorman, Binghamton, attorney for the child.


Clark, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered March 8, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son (born in 1999). In October 2016, the mother commenced this Family Ct Act article 6 proceeding seeking to modify the parenting time afforded to the father in a May 2006 order, so that the mother, as the sole legal custodian of the child, could allow the then 17-year-old child to move to Arizona to live with his maternal grandmother. Following a fact-finding hearing and a Lincoln hearing, Family Court, as relevant here, modified the prior order by directing that, "consistent with the [parties'] practice," the father "may enjoy
reasonable visitation with [the child] as he may arrange with [the mother]." The father appeals.
Family Ct Act article 6 vests Family Court with jurisdiction to determine custody and visitation issues relating to minors (see Family Ct Act § 651 [a], [b]), who are defined as "person[s] who [have] not attained the age of [18] years" (Family Ct Act § 119 [c]). As the child reached the age of 18 in August 2017, during the pendency of this appeal, the father's challenges to Family Court's March 2017 order have been rendered moot (see Matter of Yerkes v Hardy, 145 AD3d 1113, 1114 [2016]; Matter of Gerber v Gerber, 141 AD3d 901, 902 [2016]; Matter of McCullough v Harris, 119 AD3d 992, 993 [2014]; Matter of Carnese v Wiegert, 273 AD2d 554, 556 [2000]). Accordingly, the father's appeal must be dismissed (see Matter of Yerkes v Hardy, [*2]145 AD3d at 1114; Matter of Troy SS. v Judy UU., 140 AD3d 1348, 1350 [2016]; lv denied 28 NY3d 902 [2016]).
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.