Matter of Marcello OO. v Jayne PP. (2022 NY Slip Op 01216)





Matter of Marcello OO. v Jayne PP.


2022 NY Slip Op 01216


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

532541
[*1]In the Matter of Marcello OO., Appellant,
v
Jayne PP., Respondent. (And Three Other Related Proceedings.)

Calendar Date:January 5, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Lisa K. Miller, McGraw, for appellant.
Jackson Bergman, LLP, Binghamton (Dhyana M. Estephan of counsel), for respondent.
Joan E. Mencel, Endwell, attorney for the children.



Egan Jr., J.P.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered November 23, 2020, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2014 and 2015). The parties agreed to a joint custodial arrangement as part of their 2016 divorce, an arrangement that quickly broke down due to the father's extreme hostility toward the mother, including in the presence of the children, his refusal to consult with the mother regarding the children's care and his unsupported allegations that the mother was improperly caring for them. The mother petitioned for modification of the custodial arrangement and, in August 2017, Family Court granted the petition and issued an order that, among other things, awarded the mother sole legal and physical custody of the children and the father parenting time on Tuesday nights, alternating weekends and certain holidays.
The parties filed a number of petitions in 2020, the relevant ones for our purposes being a modification petition filed by the father in January 2020 and an amended modification petition filed by the mother in June 2020.[FN1] The father alleged various failings by the mother and sought a return to a joint custodial arrangement with an expansion of his parenting time; the mother, in turn, sought further restrictions on his parenting time and authorization to take the children for three uninterrupted weeks of vacation. Following a combined fact-finding hearing, Family Court dismissed the father's modification petition, concluding that he had not shown any change in circumstances between the issuance of the August 2017 order and his petition. Family Court further granted the mother's amended modification petition in part — noting that the parents "deserve[d] to be able to take a vacation with the children and to enjoy time away without police involvement" — and allowed, among other things, both parents three uninterrupted weeks of vacation with the children every year with detailed directions as to how those weeks were to be selected. The father appeals, focusing upon the denial of his modification petition.
We affirm. A party seeking modification of a prior custody order must show that a change in circumstances has occurred since the issuance of that order before any consideration as to whether the best interests of the child would be served by a modification in the custodial arrangement (see Matter of Jahleel SS. v Chanel TT., ___ AD3d ___, ___, 2022 NY Slip Op 00232, *1 [2022]; Matter of Zachary C. v Janaye D., 199 AD3d 1267, 1267-1268 [2021]). As Family Court aptly noted, "nothing of significance [as] to how the parties hold custody" had changed between the issuance of the 2017 order and the father's January 2020 petition. Without belaboring the point, the proof reflected [*2]that the father was continuing the hostile behavior toward the mother that resulted in the 2017 order, including by violating an order of protection issued in the mother's favor (which resulted in his conviction on a criminal contempt charge), calling child protective officials and the police about his suspicions that the mother was insufficiently attentive to the children after she began watching them while working from home, routinely inspecting the children and photographing any minor injury that he spotted as supposed proof of the mother's inadequate supervision, and making baseless suggestions to police that the mother was drunk or armed during custodial exchanges. According deference to Family Court's factual findings and credibility determinations, the foregoing constitutes a sound and substantial basis for the determination that the father had not demonstrated a change in circumstances that would warrant a best interests analysis (see Matter of Eller v Eller, 126 AD3d 1242, 1242-1243 [2015]; Matter of Hamilton v Anderson, 31 AD3d 935, 936 [2006]).
Finally, the record confirms that the attorney for the children was an active and able participant in the proceedings, cross-examining hearing witnesses, including the mother and the father, to uncover information about the parties' interactions and their parental skills. The attorney for the children also gave a reasonable explanation as to why she was not requesting that Family Court conduct an in camera interview with the children, advising the court that they were quite young and that she was satisfied that they could not add anything of value to the extensive proof already presented. We are accordingly satisfied that, contrary to the father's argument, the children received effective representation (see Matter of Ferguson v Skelly, 80 AD3d 903, 906 [2011], lv denied 16 NY3d 710 [2011]; Matter of Dana A. v Martin B., 72 AD3d 1136, 1138 [2010]).
Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Each party also filed a petition alleging that the other had violated the terms of the 2017 order. In the appealed-from order, Family Court dismissed the father's violation petition and noted that the mother's violation petition had been resolved and required no further action. Those findings are not at issue on this appeal.