Matter of Kenneth N. v Elizabeth O. (2022 NY Slip Op 05904)

Matter of Kenneth N. v Elizabeth O.

2022 NY Slip Op 05904

Decided on October 20, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 20, 2022

533755
[*1]In the Matter of Kenneth N., Petitioner,
v
Elizabeth O., Appellant.

Calendar Date:September 7, 2022

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Teresa C. Mulliken, Harpersfield, for appellant.
Betty J. Potenza, Highland, attorney for the child.

Ceresia, J.
Appeal from an order of the Family Court of Delaware County (Gary A. Rosa, J.), entered June 25, 2021, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2014). Pursuant to an August 2016 order entered on stipulation, the parents were awarded joint legal custody, with primary physical custody to the mother and parenting time for the father consisting of alternating weekends and Thursday through Saturday during the opposing weeks. The order also allowed the parties to agree to adjust the parenting time schedule as needed, which they did on multiple occasions in order to accommodate changes in the father's work schedule.
In June 2020, the father commenced this modification proceeding seeking increased parenting time, alleging, among other things, that there had been a change in circumstances consisting of changes to the hours and days worked by both parties, their addresses, and the child's school. As a result, a fact-finding hearing and a Lincoln hearing were conducted, following which Family Court issued an order finding that the father had demonstrated the requisite change in circumstances, inasmuch as the parties were each in new relationships, their households contained additional children, the mother had a new residence and new job, and the father's work schedule had changed. The court went on to find that the child's best interests would be served by a new parenting schedule that provided the father with increased time on the weekends, holidays, and during the summer. The mother appeals.[FN1]
As the party seeking to modify a prior visitation order, the father bore "the initial burden of showing that a change in circumstances has occurred since the entry thereof that is sufficient to warrant Family Court undertaking a best interests analysis in the first instance" (Matter of Merwin v Merwin, 138 AD3d 1193, 1194 [3d Dept 2016]; see Matter of Alan U. v Mandy V., 146 AD3d 1186, 1187 [3d Dept 2017]; Matter of Sparbanie v Redder, 130 AD3d 1172, 1172 [3d Dept 2015). Contrary to Family Court's holding, we conclude that the record fails to establish any new developments "demonstrating a real need for a change to ensure the child's best interest" (Matter of Bjork v Bjork, 23 AD3d 784, 785 [3d Dept 2005] [internal quotation marks and citation omitted], lv denied 6 NY3d 707 [2006]; see Matter of Marcello OO. v Jayne PP., 202 AD3d 1407, 1408-1409 [3d Dept 2022]; Matter of Thomas KK. v Anne JJ., 176 AD3d 1354, 1355 [3d Dept 2019]).
The father's primary contention was that the change in his work schedule constituted a sufficient change in circumstances. In that regard, at the time that the 2016 order was entered, the father was working weekday night shifts. When the father filed the instant petition, his work schedule was such that he was working a continuous [*2]four-day-on, four-day-off schedule. However, in the midst of the hearing, the father revealed that his work schedule had again changed, this time to Monday through Thursday from 4:00 p.m. to 2:00 a.m., which aligned much more closely with his schedule as of the 2016 order. In our view, this does not constitute a sufficient change in circumstances to trigger a best interests analysis. As for the other factors relied upon by Family Court, there was no showing that the mother's new job, the parties' new residences, their new relationships, or the introduction of half-siblings and a stepsibling into the child's life "constitute[d] changed circumstances evidencing any infirmity in the present custody arrangement" (Matter of Bjork v Bjork, 23 AD3d at 785). Accordingly, the father failed to meet his burden of establishing the necessary change in circumstances, and the petition should have been dismissed. In light of this, the August 2016 custody order is controlling.
Clark, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petition dismissed.

Footnotes

Footnote 1: While the attorney for the child filed a brief in support of the mother's appeal, the father has not filed a brief.