Matter of Aimee A. v Austin ZZ. (2023 NY Slip Op 00706)

Matter of Aimee A. v Austin ZZ.

2023 NY Slip Op 00706

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

534157
[*1]In the Matter of Aimee A., Appellant,
v
Austin ZZ., Respondent. (And Two Other Related Proceedings.)

Calendar Date:November 18, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ. 

Whiteman, Osterman & Hanna LLP, Albany (Robert S. Rosborough IV of counsel), for appellant.
Austin ZZ., New Paltz, respondent pro se.
Betty J. Potenza, Highland, attorney for the child.

Egan Jr., J.P.
Appeals from two orders of the Family Court of Ulster County (Keri E. Savona, J.), entered September 24, 2021 and October 14, 2021, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2014). Following extensive proceedings, an order was entered in February 2020 that awarded the parties joint legal and shared physical custody of the child. The mother appealed and, less than a month later, filed an emergency modification petition seeking sole custody of the child because she was more capable of caring for him during the COVID-19 pandemic. The father filed his own emergency modification petition in April 2020, seeking an award of sole custody because, among other things, the mother had failed to return the child to him at the conclusion of her parenting time.[FN1]
The parties' dueling modification petitions remained pending in February 2021, when this Court affirmed the February 2020 order (see Matter of Austin ZZ. v Aimee A., 191 AD3d 1134 [3d Dept 2021]). A week later, the father filed a second modification petition alleging that the mother's failure to return the child as scheduled while awaiting COVID-19 test results and her decision to obtain a flu vaccine for the child without consulting the father constituted a change in circumstances warranting an award of sole custody to him. Then, in the midst of the combined hearing on the petitions, the mother filed an amended modification petition in July 2021 alleging that the child's difficulties at school constituted a change in circumstances and warranted an award of sole custody to her.
After the conclusion of the hearing, Family Court issued a decision and order in September 2021 finding that neither party had established a change in circumstances since the entry of the February 2020 order that would warrant revisiting the existing custodial arrangement. Family Court subsequently issued an order, entered in October 2021, embodying the terms of the September 2021 order and dismissing all of the petitions. The mother appeals from the September 2021 and October 2021 orders.[FN2]
In order to obtain modification of a prior custody order, a party must demonstrate that a change in circumstances has occurred since the issuance of that order that would warrant a best interests analysis by Family Court (see Matter of Kenneth N. v Elizabeth O., 209 AD3d 1133, 1134 [3d Dept 2022]; Matter of Marcello OO. v Jayne PP., 202 AD3d 1407, 1408 [3d Dept 2022]). Family Court determined here that the hearing evidence had not "establish[ed] any new developments demonstrating a real need for a change to ensure the child's best interest" (Matter of Kenneth N. v Elizabeth O., 209 AD3d at 1134 [internal quotation marks and citation omitted]; see Matter of Thomas KK. v Anne JJ., 176 AD3d 1354, 1355 [3d Dept 2019]). We [*2]agree with that assessment — which is, notably, shared by the appellate attorney for the child — and therefore affirm.
As we noted in affirming the February 2020 order, notwithstanding proof of the mother's inappropriate behavior and her inability to "regard[ ] the father as an equal parenting partner," Family Court properly awarded the parties joint legal custody and shared physical custody of the child because they were both loving parents who were capable of communicating with one another for the child's benefit (Matter of Austin ZZ. v Aimee A., 191 AD3d at 1138). Here, Family Court found no reason to believe that the situation had changed despite incidents, most of which stemmed from the unprecedented "turmoil and uncertainty" of the COVID-19 pandemic but, ultimately, revealed the mother's continuing fears about the child's health and her "disdain for [the father] and lack of respect for his role in the child's life" by not initially abiding by the terms of the February 2020 order.[FN3] To the contrary, Family Court credited proof that the parties remained loving, capable parents who were involved in the child's life and responsive to the child's educational needs. Thus, according deference to Family Court's factual findings and credibility determinations, we are satisfied that a sound and substantial basis in the record exists for its determination that neither party demonstrated a change in circumstances that would warrant a best interests analysis (see Matter of Katie R. v Peter Q., 207 AD3d 844, 846-847 [3d Dept 2022]; Matter of Marcello OO. v Jayne PP., 202 AD3d at 1408-1409; Matter of Eller v Eller, 126 AD3d 1242, 1242—1243 [3d Dept 2015]; Matter of Hamilton v Anderson, 31 AD3d 935, 936 [3d Dept 2006]).
Clark, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: The father's motion was brought via an order to show cause in which Family Court (McGinty, J.) directed the parties to comply with the existing custodial arrangement, and it is undisputed that the mother complied with that directive and returned the child to the father.

Footnote 2: Although the mother only included a notice of appeal from the September 2021 order in the record on appeal, it appears that she filed and served a notice of appeal from the October 2021 order as well, and she references both appeals in her appellate brief. In the absence of any prejudice, we overlook the omission of the second notice of appeal from the record and address both appeals (see CPLR 2001; McAuliffe v McAuliffe, 200 AD3d 1114, 1115 n 2 [3d Dept 2021], lv denied 39 NY3d 904 [2022]).

Footnote 3: As Family Court observed, although the parties disagreed on some aspects of the child's care during the COVID-19 pandemic, the child's pediatrician testified that she refused to provide the mother with a letter opining that it was unsafe for the child to stay with the father during the pandemic and that, in the pediatrician's view, the child would be safe with either parent so long as his outside contacts were limited.