Matter of Thomas BB. v Jessica YY. (2023 NY Slip Op 04619)

Matter of Thomas BB. v Jessica YY.

2023 NY Slip Op 04619

Decided on September 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 14, 2023

533966
[*1]In the Matter of Thomas BB., Appellant,
v
Jessica YY., Respondent. Attorney for the Child, Appellant.

Calendar Date:August 17, 2023

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for Thomas BB., appellant.
Vicki J. Prager, Northville, attorney for the child, appellant.
Rhoades, Cunningham & McFadden, PLLC, Latham (Karen A. Rhoades of counsel), for respondent.

Egan Jr., J.
Appeal from an order of the Family Court of Fulton County (J. Gerard McAuliffe Jr., J.), entered July 28, 2021, which partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2009). In 2014, Family Court (Skoda, J.) issued an amended order in which it granted the mother sole legal custody and primary physical placement of the child at her residence in Pennsylvania and awarded the father extensive parenting time on alternating weekends, holidays, school breaks and several weeks in the summer at his residence in Fulton County. The terms of the 2014 order have been a subject of litigation between the parties and were modestly modified by orders entered in 2015 and 2016, but the mother remains the child's sole legal and primary physical custodian (see Matter of Jessica AA. v Thomas BB., 151 AD3d 1231, 1232 [3d Dept 2017]).
The father filed the present modification petition that, as amended in October 2020, sought sole legal and primary physical placement of the child.[FN1] The petition alleged that such was warranted given developments since the 2016 order that included improvements in the father's residential and financial situation, a June 2020 incident in which the mother purportedly failed to obtain appropriate medical care for the child after a fall, and the child's desire to live with the father. Family Court (McAuliffe Jr., J.) proceeded to conduct a fact-finding hearing, which included a Lincoln hearing, in 2021. After the conclusion of that hearing, Family Court issued a decision and order in which it determined that the mother should retain sole legal and primary physical placement of the child but that an award of additional parenting time to the father was warranted. The father and the attorney for the child separately appeal from the order, entered in July 2021, implementing the terms of the decision and order.[FN2]
We affirm. To obtain modification of an existing custody order, the party seeking modification must initially "demonstrat[e] a change in circumstances since the entry of such custody order so as to warrant an analysis of whether modification would serve the best interests of the child[ ]" (Matter of David ZZ. v Amanda YY., 214 AD3d 1057, 1057 [3d Dept 2023]; see Matter of Aimee A. v Austin ZZ., 213 AD3d 1056, 1057 [3d Dept 2023]). In that regard, Family Court relied upon the father's testimony that his living situation had stabilized in that he took title to his residence in 2018 and owned it free and clear by the time of the hearing, as well as the representation by the attorney for the child as to the child's preference regarding custody, in determining that the father had established a change in circumstances since the entry of the prior order in 2016. Notwithstanding the mother's efforts to argue otherwise, we are satisfied [*2]that the foregoing constitutes a sound and substantial basis for Family Court's finding of a change in circumstances (see Matter of Dykstra v Bain, 127 AD3d 1516, 1517 [3d Dept 2015]; Matter of Meier v Meier, 79 AD3d 1295, 1295 [3d Dept 2010]).
The question therefore turned to what custodial arrangement would be in the best interests of the child, an inquiry requiring the consideration of "a variety of factors, including the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Virginia OO. v Alan PP., 214 AD3d 1045, 1047-1048 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Brandon PP. v Shalalee QQ., 216 AD3d 1263, 1265 [3d Dept 2023]). "In light of Family Court's superior position to evaluate the testimony and assess witness credibility, we defer to Family Court's credibility determinations and factual findings, and we will not disturb Family Court's custody determination if it is supported by a sound and substantial basis in the record" (Matter of Megan UU. v Phillip UU., 193 AD3d 1287, 1289 [3d Dept 2021] [citations omitted]; see Matter of Ronald R. v Natasha FF., 217 AD3d 1163, 1164 [3d Dept 2023]).
Here, Family Court rejected the father's contention that the mother's parenting skills were called into question by her failure to seek medical care for the child after he fell off a swing in June 2020 and fractured his wrists, crediting the mother's testimony that that she did not seek medical care for the child because he was performing his normal activities after he fell and exhibited no pain or swelling.[FN3] Family Court found that the mother is a fit and loving parent and that the child was doing well in her care, residing in Pennsylvania with the mother, the child's stepfather and his two younger half-siblings and attending (at the time, virtually) school there. Indeed, upon this appeal, both the father and the attorney for the child agree that the mother is a good parent who has properly cared for the child. The record further reflects, notwithstanding the mother's efforts to suggest otherwise, that the father is also a loving parent who is capable of caring for the child and that the child enjoys being with him.
There is, in other words, an existing, long-term custodial arrangement in which the child enjoys loving relationships with both parents and is well cared for by both, but primarily resides with the mother. The basis upon which the father and the attorney for the child argue that this successful arrangement should be disturbed is due to the child's preference. The child's preference is relevant in assessing what custodial arrangement would be in his best interests — although, given that the child [*3]was only 12 years old at the time of the hearing, that preference is arguably not "entitled to the great weight we accord to the preferences of older adolescents" — but it is not determinative (Matter of Rivera v LaSalle, 84 AD3d 1436, 1438 [3d Dept 2011] [internal quotation marks and citation omitted]; see Dintruff v McGreevy, 34 NY2d 887, 888 [1974]; cf. Matter of Oddy v Oddy, 296 AD2d 616, 617 [3d Dept 2002]). Family Court had the opportunity "to observe the child and ascertain [his] level of maturity and ability to articulate [his] preferences" at the Lincoln hearing (Matter of Winston v Gates, 64 AD3d 815, 818 [3d Dept 2009]) and, having done so, concluded that the mother is "well capable of providing for and bringing up the child[ ] [and that] a change in custody [was] not warranted merely because the child[ ] [has] expressed a desire for a change" (Dintruff v McGreevy, 34 NY2d at 888-889; see Matter of Roefs v Roefs, 101 AD3d 1185, 1186 [3d Dept 2012]). Thus, as our own review of the hearing evidence gives no compelling reason to believe that the child's "best interests would be enhanced by ordering a change in his present physical custody," a sound and substantial basis in the record exists for Family Court's determination that the child's "interests are best served by the stability of an uninterrupted custody arrangement" and an increase in the father's parenting time (Matter of Diffin v Towne, 47 AD3d 988, 991 [3d Dept 2008], lv denied 10 NY3d 710 [2008]; see Matter of Roefs v Roefs, 101 AD3d at 1186; cf. Matter of Lowe v O'Brien, 81 AD3d 1093, 1095-1096 [3d Dept 2011], lv denied 16 NY3d 713 [2011]).
Garry, P.J., Clark, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother filed her own modification petition, which she withdrew at the hearing.
Footnote 2: The attorney for the child's notice of appeal was omitted from the record on appeal, but we take judicial notice that one was filed and served in a timely fashion. "In the absence of any [showing of] prejudice, we overlook the omission of [that] notice of appeal from the record and address" the arguments of both appellants (Matter of Aimee A. v Austin ZZ., 213 AD3d 1056, 1057 n 2 [3d Dept 2023]; see CPLR 2001).

Footnote 3: The child was diagnosed with wrist fractures a week and a half later when the father took him to the emergency room but, notably, the child had been in the father's care for four days by that point.