Matter of Alexander Y. v Jennifer Z. (2024 NY Slip Op 06636)

Matter of Alexander Y. v Jennifer Z.

2024 NY Slip Op 06636

Decided on December 26, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 26, 2024

CV-23-1619
[*1]In the Matter of Alexander Y., Appellant,
v
Jennifer Z., Respondent. Attorney for the Child, Appellant. (Proceeding No. 1.)
In the Matter of Jennifer Z., Respondent,
v
Alexander Y., Appellant. Attorney for the Child, Appellant. (Proceeding No. 2.)

Calendar Date:November 15, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Constantina Hart, Kauneonga Lake, for Alexander Y., appellant.
Betty J. Potenza, Milton, attorney for the child, appellant.
Renee J. Albaugh, Accord, for respondent.
Marcia Heller, Rock Hill, attorney for the child.

Powers, J.
Appeal from an amended order of the Family Court of Ulster County (Keri E. Savona, J.), entered August 9, 2023, which, among other things, dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Alexander Y. (hereinafter the father) and Jennifer Z. (hereinafter the mother) are the parents of the two subject children (born in 2008 and 2010; hereinafter the older child and the younger child, respectively). Pursuant to a 2022 custody order on consent, the mother has sole physical custody of the children with the parties sharing joint legal custody. As is relevant here, the mother resides in New York and the father resides in Florida. The custody order directs that the father is to have parenting time every summer and alternating spring and winter school breaks. In February 2023, the father commenced this modification proceeding seeking sole physical custody of the children and permission to relocate them to Florida citing, among other things, the children's desire to relocate as the basis for the petition.[FN1] Following a fact-finding hearing and Lincoln hearings with both children, Family Court dismissed the petition for failure to demonstrate a change in circumstances and, yet, indicated that relocation would not be in the best interests of the children. The father and the attorney for the older child appeal.
The father, as the parent seeking modification of a prior custody order, bore the initial burden of "demonstrat[ing] that a change in circumstances has occurred since the entry thereof to warrant the court undertaking a best interests analysis" (Matter of Mildred J. v Joseph K., 228 AD3d 1038, 1039 [3d Dept 2024] [internal quotation marks and citations omitted]). While the prior custody order is entitled to less weight as it was entered on consent and without a hearing (see Matter of Jacob L. v Heather L., 228 AD3d 1191, 1193 [3d Dept 2024]; Matter of Alexis WW. v Adam XX., 220 AD3d 1094, 1095 [3d Dept 2023]), Family Court's determination as to whether a change in circumstances has occurred is afforded broad discretion and "will not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Mildred J. v Joseph K., 228 AD3d at 1039 [internal quotation marks and citations omitted]).
In arguing in support of the petition at the fact-finding hearing, the father asserted conclusively that the older child's desire to relocate was "the sole basis" for the filing of the petition and, as such, supported a finding of change in circumstances. Even though "the preferences of an older and more mature child are relevant in determining whether a change in circumstances exists," such fact is not determinative (Matter of Samantha WW. v Malek XX., 217 AD3d 1081, 1082 [3d Dept 2023] [internal quotation marks and citation omitted]; see Matter of Mark WW. v Jennifer B., 158 AD3d 1013, 1017 [3d Dept 2018]). As such, the father asserted that the mother's [*2]mental health diagnoses, recent divorce and attendant change in residence also serve as proof of a change in circumstances. However, the mother testified unquestionably that she received the mental health diagnoses in May 2022, which was before entry of the prior order (see Jessica WW. v Misty WW., 192 AD3d 1364, 1366 [3d Dept 2021]). Moreover, although the mother was in the midst of a divorce during the fact-finding hearing, she explained that her new residence was comparable in major respects to her former residence. Based upon these limited facts, the court's finding that the father had failed to establish a change in circumstances is supported by a sound and substantial basis in the record (see Matter of David ZZ. v Amanda YY., 214 AD3d 1057, 1057-1058 [3d Dept 2023]; Matter of Kenneth N. v Elizabeth O., 209 AD3d 1133, 1134 [3d Dept 2022]; compare Matter of Jacob L. v Heather L., 228 AD3d at 1193-1194; cf. Matter of Sarah OO. v Charles OO., 198 AD3d 1151, 1153 [3d Dept 2021]). As such, the father's modification petition was appropriately dismissed.
Egan Jr., J.P., Pritzker, Lynch and Fisher, JJ., concur.
ORDERED that the amended order is affirmed, without costs.

Footnotes

Footnote 1: The mother subsequently filed her own modification petition relevant to the father's 2023 summer parenting time, however, no issue related thereto is raised on appeal.