Matter of Darcy XX. v Jeffrey YY. (2025 NY Slip Op 01983)

Matter of Darcy XX. v Jeffrey YY.

2025 NY Slip Op 01983

Decided on April 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 3, 2025

CV-23-0878
[*1]In the Matter of Darcy XX., Appellant,
v
Jeffrey YY., Respondent. (And Another Related Proceeding.)

Calendar Date:February 18, 2025

Before:Clark, J.P., Ceresia, Fisher, McShan and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant.
Lisa A. Burgess, Indian Lake, for respondent.
Trinidad M. Martin, Glens Falls, attorney for the child.

Mackey, J.
Appeal from an order of the Family Court of Warren County (Ted Wilson, J.), entered April 28, 2023, which, in two proceedings pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petitions at the close of petitioner's proof.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2017). Pursuant to a June 2021 order entered on consent, the parties share legal and physical custody of the child and operate on a biweekly parenting schedule, allowing the parties essentially equal parenting time. In May 2022, the mother filed a modification petition, seeking physical custody of the child during the school week to facilitate the child's therapy and extracurricular activities, among other reasons. The court reserved decision on the father's subsequent motion to dismiss the mother's petition, pending a hearing on the alleged change in circumstances. Meanwhile, the mother filed a second modification petition, seeking instead sole legal and physical custody of the child.[FN1]
A five-day hearing ensued and, at the close of the mother's proof, the father again moved to dismiss the mother's petitions, which motion the attorney for the child joined. Family Court granted the motion and dismissed the mother's petitions with prejudice upon her failure to demonstrate a change in circumstances. The mother appeals.
In seeking a modification of the prior custody order, it was the mother's burden to first establish a change in circumstances since the entry thereof warranting the court undertaking a best interests analysis (see Matter of Shayne FF. v Julie GG., 221 AD3d 1202, 1203 [3d Dept 2023]; Matter of Felix A. v Jennifer B., 209 AD3d 1131, 1132 [3d Dept 2022]). "When, as here, Family Court is tasked with deciding a motion to dismiss at the close of the petitioner's proof, the court must accept the petitioner's evidence as true and afford the petitioner every favorable inference that could reasonably be drawn from that evidence, including resolving all credibility questions in the petitioner's favor" (Matter of Samantha WW. v Malek XX., 217 AD3d 1081, 1082 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Aaron K. v Laurie K., 187 AD3d 1423, 1424 [3d Dept 2020]).
In alleging a change in circumstances, the mother testified that since the prior order she sustained a work-related injury, resulting in changes to her employment status that would permit her to parent the child throughout the school week. Nevertheless, although she was not employed at the time of the hearing and was receiving workers' compensation benefits, she asserted that she was investigating opportunities and medical treatment to facilitate her return to work. Moreover, nothing in the record indicates that the prior order was designed around the mother's employment. Accordingly, she failed to establish the requisite change in circumstances upon this basis (see Matter of Goodfriend [*2]v Devletsah-Goodfriend, 29 AD3d 1041, 1043 [3d Dept 2006]; compare Matter of Jennifer VV. v Lawrence WW., 186 AD3d 946, 948 [3d Dept 2020]). A change in circumstances was likewise not established by the mother's testimony that the father had failed on occasion to bring the child to scheduled extracurricular activities or speech and occupational therapy services. To the contrary, the record reveals that the father and the mother are both supportive of the child's therapy, any missed therapy sessions were rescheduled and therapy services are now provided to the child in school. As to extracurricular activities, any noted difficulties stemmed primarily from minor miscommunication and/or scheduling complications. Moreover, as Family Court noted, numerous text message exchanges in the record reflected that, overall, the parents were able to effectively communicate regarding the needs of the child, and that any incidents in miscommunication or disagreement were minimal. In view of the foregoing, and deferring to Family Court's credibility determinations, a sound and substantial basis in the record supports the court's conclusion that the mother failed to show the requisite change in circumstances (see Matter of Aimee A. v Austin ZZ., 213 AD3d 1056, 1058 [3d Dept 2023]; Matter of Ramon ZZ. v Amanda YY., 189 AD3d 1913, 1915-1916 [3d Dept 2020]). Accordingly, the mother's petitions were properly dismissed.
Clark, J.P., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother's arguments on appeal concern solely her first modification petition, seeking a change in the parenting schedule.