Matter of Peter K. v Mayumi M. (2025 NY Slip Op 05883)

Matter of Peter K. v Mayumi M.

2025 NY Slip Op 05883

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, González, Michael, JJ.

V-5183-23/23A|Docket No. V-5183-23/23A|Appeal No. 5018|Case No. 2024-07683|

[*1]In the Matter of Peter K., Petitioner-Appellant,

v

Mayumi M., Respondent-Respondent.

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.

Geoffrey P. Berman, Larchmont, for respondent.

Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Jessica Forman, R.), entered on or about December 10, 2024, which, after a hearing, dismissed petitioner father's petition for modification of a custody agreement with prejudice, unanimously affirmed, without costs.

There is a sound and substantial basis in the record to support Family Court's determination that the father did not allege a sufficient change in circumstances to warrant modification of the existing custody agreement (see Matter of Adama D. v Mariam D., 176 AD3d 607, 607 [1st Dept 2019]). While the father's employment no longer required travel and long work hours, there is no indication that the custody agreement limited his parenting time to accommodate his prior work schedule (see Matter of Mathewson v Sessler, 94 AD3d 1487, 1489 [4th Dept 2012], lv denied 19 NY3d 815 [2012]; see also Matter of Kenneth N. v Elizabeth O., 209 AD3d 1133, 1134 [3d Dept 2022]). The father acknowledged that the custody agreement gave him weekly parenting time, along with parenting time during the Jewish holidays, Thanksgiving break, spring break, and summer break (see Steck v Steck, 307 AD2d 819, 820 [1st Dept 2003]).

The father's contention that the child's school had changed its holiday schedule is also insufficient to warrant a modification, where the alleged change did not affect the existing division of holidays (see e.g. Matter of Steven E. v Angella E., 183 AD3d 546, 546 [1st Dept 2020]). The father also argued that the child, and his paternal grandparents, had advanced in age, without demonstrating how that inevitable change affected the best interests of the child in a manner that warranted alteration of the existing custody agreement (cf. Miller v Shaw, 160 AD3d 743, 744 [2d Dept 2022]). THIS CONSTITUTES THE DECISION AND ORDER

OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 23, 2025